IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| David Michael Long, ) | Civil Action No.: 9:12-3461-MGL |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| Carolyn W. Colvin,[1] ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

Plaintiff David Michael Long ("Plaintiff") brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of a final decision of the Defendant, Acting Commissioner of Social Security ("Commissioner"), denying his claims for Disability Insurance Benefits ("DIB"). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02(B)(2)(a), D.S.C., this matter was referred to United States Magistrate Judge Bristow Marchant for pretrial handling. On December 4, 2013, the Magistrate Judge issued a Report and Recommendation in which he determined that the record contains substantial evidence to support the conclusion of the Commissioner that the Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time period. Accordingly, the Magistrate Judge recommends affirming the Commissioner's decision. (ECF No. 14.) Plaintiff filed Objections on December 16, 2013 (ECF No. 15), and the Commissioner filed a reply on January 2, 2014 (ECF No. 17.) For the reasons stated below, the Court adopts the Report and Recommendation and affirms the Commissioner's decision.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as Defendant in this lawsuit.

I. FACTUAL AND PROCEDURAL BACKGROUND

The Report and Recommendation sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff was 41 years old on his alleged disability onset date. (Tr. at 31.) Plaintiff alleges disability beginning September 30, 2009 due to an inability to walk or stand for long periods of time caused by constant back and hip pain and a "crushed" foot. (Tr. at 165-168, 188, 193.) Plaintiff has past work experience as a corrections and security officer and completed high school. (Tr. at 63, 194.) Plaintiff filed an application for disability insurance benefits ("DIB") on October 14, 2009. (Tr. at 22.) Plaintiff's application was denied initially and upon reconsideration. (Tr. at 22.) A hearing before an Administrative Law Judge ("ALJ") was held on October 21, 2011. (Tr. at 22.) The ALJ found that Plaintiff was not under a disability as defined by the Social Security Act in a decision issued November 17, 2011. (Tr. at 22-32.) The Appeals Council denied Plaintiff's request for review on October 16, 2012 (Tr. at 1-6), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on December 7, 2012. (ECF No. 1.)

II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 14 at 19-20.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court

is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

III.  PARTIES' RESPONSE

Plaintiff filed objections to the Report and Recommendation ("Objections") on December 16, 2013. (ECF No. 15.) Plaintiff objects to the Magistrate Judge's recommended findings that 1) the ALJ properly applied the treating physician rule, and 2) the ALJ properly evaluated Plaintiff's credibility. The Commissioner filed a reply to Plaintiff's objections to the Report and Recommendation asking this Court to affirm the final administrative decision and addressing points Plaintiff specifically raised in response to the Magistrate Judge's Report and Recommendation. (ECF No. 17.)

IV.  DISCUSSION OF THE LAW

    A.    STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied. *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964);

*see, e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater*, 64 F.3d 657, 1995 WL 478032, *2 (4th Cir.1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir.1986)). The statutorily mandated standard precludes a *de novo* review of the factual circumstances that substitutes the Court's findings for those of the Commissioner. *See, e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). Accordingly, "the court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). As noted by Judge Sobeloff in *Flack v. Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id.* at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

    B.    TREATING PHYSICIAN RULE

Plaintiff challenges the Magistrate Judge's finding that the ALJ properly weighed the medical evidence and followed the treating physician rule in rejecting the opinion of Dr. Fatimah Ndiaye as inconsistent with the medical evidence and Plaintiff's activities of daily living. (ECF No. 15 at 2.) Plaintiff argues that the ALJ did not cite to any evidence that contradicted the treating doctor's opinion which was based on clinical evidence of toe and foot deformity as well as x-rays showing degenerative joint disease. (ECF No. 15 at 3.) As an alternative argument, Plaintiff argues

that the ALJ did not properly weigh the opinions of the treating physician. (ECF No. 15 at 4-6.)

The Court has considered Plaintiff's objections as well as the several reasons set forth by the ALJ for assigning Dr. Ndiaye's assessment of Plaintiff's residual functional capacity "less weight" (Tr. at 29) and finds Plaintiff's objection to be without merit. The Magistrate Judge fully addressed Plaintiff's contentions of error regarding the weight assigned to the opinion of Dr. Ndiaye and the analysis conducted by the ALJ as required by 20 C.F.R. § 404.1527. (ECF No. 14 at 17-18.) Generally, an ALJ will "accord greater weight to the testimony of a treating physician" but the relevant rule does not require that the testimony always be given controlling weight. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1992). The ALJ is to give controlling weight to a treating physician's opinion if it is not inconsistent with substantial evidence in the record and is well supported by clinical and laboratory diagnostic techniques. *See* 20 C.F.R. §§ 404.1527 (c)(2), 416.927 (c)(2); *see also* SSR 96-2p, 1996 WL 374188, at *5 (1996) (requiring the ALJ to provide an explanation of the weight given to the treating source's medical opinion). By negative implication, it follows that a treating physician's opinion can be accorded less weight if it is not supported by the clinical evidence or if it is inconsistent with other substantial evidence. *Mastro v. Apfel*, 270 F.3d 171, 178 (4th Cir. 2001).

As the Magistrate Judge noted, the ALJ explained that the medical evidence did not fully support some of the functional limitations found by Dr. Ndiaye nor was the assessment fully consistent with the evidence regarding Plaintiff's activities of daily living. (Tr. at 29.) If there is substantial evidence to support the decision of the Commissioner, that decision must be affirmed. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972). The Court agrees with the Magistrate Judge that the ALJ applied the correct legal principles in evaluating the treating physician's opinion and sufficiently described his reasons for giving a certain portion of Dr. Ndiaye's opinion limited

weight.  Here, there is substantial evidence in the entire record that supports the ALJ's decision concerning the appropriate weight given to Dr. Ndiaye's opinion and the Court finds no reversible error with respect to this issue.  (ECF No. 14 at 4-5.)

### C.     PLAINTIFF'S CREDIBILITY

Next, Plaintiff challenges the Magistrate Judge's findings concerning the ALJ's credibility determination.  (ECF No. 15 at 6.)  Plaintiff suggests that the Magistrate Judge selected the findings from the ALJ's summary of the evidence that would support a negative credibility determination and argues that there are insufficient findings to support such a determination.  (ECF No. 15 at 6-7.) This Court disagrees.  The ALJ fully and carefully considered the medical evidence as well as Plaintiff's statements concerning the intensity, persistence, and limiting effect of the symptoms and Plaintiff's testimony about his activities of daily living.  (Tr. at 30.)  The ALJ concluded that Plaintiff's statements were not fully credible to the extent they were inconsistent with the Residual Functional Capacity ("RFC") assessment.  (Tr. at 30.)  Specifically, the ALJ noted in his decision that Plaintiff helps his children prepare for school and complete their homework, picks out their clothes, does some sweeping and dusting, and watches television, among other activities.  (Tr. at 27, 30.)

Of course, the ALJ is within bounds to disregard Plaintiff's testimony to the extent it is inconsistent with the objective medical evidence in the record.  *See Johnson v. Barnhart*, 434 F.3d 650, 658 (4th Cir. 2005); *Gross v. Heckler*, 785 F.2d 1163, 1166 (4th Cir. 1986); *see also Mickles v. Shalala*, 29 F.3d 918, 921 (4th Cir. 1994) (noting that the "only fair manner to weigh a subjective complaint is to examine how pain affects the routine of life").  The ALJ's responsibility is to "make credibility determinations— and therefore sometimes must make negative determinations— about allegations of pain or other nonexertional disabilities."  *Hammond v. Heckler*, 765 F.2d 424, 426

(4th Cir. 1985). Declining to substitute its judgment for that of the ALJ in making credibility determinations, the Court finds substantial evidence in the record supports the ALJ's credibility assessment and reasoning. Affirming the ALJ's credibility determination does not require post-hoc rationalization on the part of the Court as Plaintiff seemingly suggests.

V.     CONCLUSION

After a thorough review of the record and facts of the instant case, the Court finds no error and no cause for remand in this matter. Substantial evidence supports the ALJ's decision. The Court concurs in the recommendation of the Magistrate Judge and adopts the Report and Recommendation and incorporates it herein by reference. The decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED.

 /s/ Mary G. Lewis  
United States District Judge

February 25, 2014  
Spartanburg, South Carolina